## United States District Court for the District Of Minnesota

| | | |
|---|---|---|
| Huntington National Bank, successor-by-merger to TCF National Bank, | : | Court File No. 22-cv-02271 (NEB-DTS) |
| Plaintiff, | : | |
| against | : | |
| Physician's Auditing and Billing Services, Inc. and Douglas Davis, | : | |
| Defendants. | : | |

## Answer

Defendants, Physician's Auditing and Billing Services, Inc. and Douglas Davis (collectively "Defendants"), by their undersigned counsel, answers plaintiff's, Huntington National Bank, successor-by-merger to TCF National Bank ("Plaintiff") other contract complaint dated September 19, 2022 ("Complaint") as follows:

1. Unless expressly admitted or otherwise qualified, Defendants deny each and every allegation in Plaintiff's Complaint.

## Parties

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

3. Defendants admit the allegations in paragraphs 2 and 3 of the Complaint.

## Jurisdiction and Venue

4. The allegations in paragraphs 4, 5, and 6, of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations.

## Background Allegations

5. As to the allegations in paragraph 7 of the Complaint, Defendants admit Defendant PABS purchased items from Bright Vanguard, LLC, but it is denied that the referenced invoice contains an accurate list of the equipment purchased and Defendants lack knowledge or information sufficient to form a belief about the truth of remaining allegations in paragraph 7 of the Complaint and accordingly deny.

6. As to the allegations in paragraph 8 of the Complaint, Defendant Physician's Auditing and Billing Services, Inc. ("Defendant PABS"), admits that an Installment Payment Agreement was  entered into with TCF Bank, but Defendants lack knowledge or information sufficient to form a belief about the truth of the second sentence of paragraph 8 of the Complaint and accordingly deny. The remaining allegations either purport to summarize terms from Exhibit B to the Complaint, which speaks for itself, and which Defendants deny to the extent they are inconsistent with Exhibit B or the remaining allegations are legal conclusions, to

which no response is required; to the extent a response is deemed necessary, Defendants deny those allegations and put Plaintiff to its strictest proof.

7.  The allegations in paragraphs 9, 10, 11, 12, 13, 14, 15, and 16 of the Complaint either purport to summarize terms from Exhibit B to the Complaint, which speaks for itself, and which Defendants deny to the extent they are inconsistent with Exhibit B or the remaining allegations are legal conclusions, to which no response is required; to the extent a response is deemed necessary, Defendants deny those allegations and put Plaintiff to its strictest proof.

8.  The allegation in the first sentence of paragraph 17 is a legal conclusion, to which no response is required; and to the extent a response is deemed necessary, Defendants deny that allegation and put Plaintiff to its strictest proof. As to the remaining sentence in paragraph 17, Defendants lack knowledge or information sufficient to form a belief about the truth and accordingly deny.

9.  Defendants admit the first sentence of paragraph 18 of the Complaint, but are without knowledge or information sufficient to form a belief about the truth of the final sentence and accordingly deny.

10. The allegations in paragraphs 19, 20, and 21, of the Complaint either purport to summarize or quote terms from Exhibit D to the Complaint, which speaks for itself, and which Defendants deny to the extent they are inconsistent with Exhibit D or

the  allegations are legal conclusions, to which no response is required; to the

extent a response is deemed necessary, Defendants deny those allegations and put

Plaintiff to its strictest proof.

11. Paragraph 22 of the Complaint characterizes the purported basis for Plaintiff's

actions, or is a legal conclusion, neither which require a response; to the extent a

response is deemed necessary, Defendants deny those allegations and put Plaintiff

to its strictest proof.

12. The allegations in paragraphs 23, 24, and 25 of the Complaint purports to

summarize terms from Exhibit E to the Complaint, which speaks for itself, and

which Defendants deny to the extent they are inconsistent with Exhibit E or the

allegations are legal conclusions, to which no response is required; to the extent a

response is deemed necessary, Defendants deny those allegations and put Plaintiff

to its strictest proof.

13. Defendants are without knowledge or information sufficient to form beliefs about

the truth of the allegations in the final sentence of paragraph 23 and about the truth

of the allegations in paragraphs 26 and 27 of the Complaint and accordingly deny.

14. Paragraph 28 of the Complaint characterizes and summarizes Plaintiff's reference

to Exhibits to the Complaint and no response is required; to the extent a response

is deemed necessary, Defendants deny those allegations and put Plaintiff to its strictest proof.

15. Defendants are without knowledge or information sufficient to form beliefs about the truth of the allegations in Paragraph 29 of the Complaint and accordingly deny.

16. Answering Paragraphs 30 and 34 of the Complaint, Defendants deny failing to make payments and Defendants specifically allege payments were made in the months of May 2021 through September 2022, with payments made in July 2022 for $13,939.72 and  in January 2022 for $7,301.76 and specifically assert $6,637.96 was paid in August 2022 for total payments of about $107,684.96 made to Plaintiff or TCF Bank.

17. Defendants are without knowledge or information sufficient to form beliefs about the truth of the allegations in Paragraph 31 of the Complaint and accordingly deny.

18. As to paragraphs 32 and 33 of the Complaint, they purport to summarize terms from Exhibit I to the Complaint, which speaks for itself, and which Defendants deny to the extent they are inconsistent with Exhibit I or the  allegations are legal conclusions, to which no response is required; to the extent a response is deemed necessary, Defendants deny those allegations and put Plaintiff to its strictest proof.

## BREACH OF CONTRACT AGAINST DEFENDANT PABS

19.  Defendants answer Paragraph 35 by restating all previous paragraphs in this answer.

20. Defendants answer Paragraphs 36 through 43 by asserting Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and assert these paragraphs all consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations and put Plaintiff to its strictest proofs.

## Breach of Contract Against Defendant Davis

21. Defendants answer Paragraph 44 by restating all previous paragraphs in this answer.

22. Defendants answer Paragraphs 45 through 49 by asserting Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and assert these paragraphs all consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations and put Plaintiff to its strictest proofs.

## Claim and Delivery

23. Defendants answer Paragraph 50 by restating all previous paragraphs in this answer.

24. Defendants answer Paragraphs 51 through 57 by asserting Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and assert these paragraphs all consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations and put Plaintiff to its strictest proofs.

## Priority

25. Defendants answer Paragraph 58 by restating all previous paragraphs in this answer.

26. Defendants answer paragraphs 59 and 60 by asserting Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and assert these paragraphs consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations and put Plaintiff to its strictest proofs.

## Unjust Enrichment

27. Defendants answer paragraph 61 by realleging all previous paragraphs in this answer.

28. Defendants deny paragraphs 62 through 65 by asserting Defendant PABS has not misconducted itself nor has it been unjustly enriched and assert Defendant PABS

has not disregarded its obligations and has been making payments to Plaintiff beginning in May 2021; further, these allegations in the Complaint all consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and put Plaintiff to its strictest proofs.

## Promissory Estoppel/Equitable Estoppel

29. Defendants answer paragraph 66 by restating all previous paragraphs in this answer.

30. Defendants assert Paragraphs 67 through 71 constitute the Plaintiff's characterization of its own actions or are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and put Plaintiffs to their strictest proofs.

31. Plaintiff's prayer for relief contains no averments that require a response. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the requested relief.

## Affirmative Defenses

32. The complaint fails to state a claim upon which relief can be granted.

33. Plaintiff's claims may be barred by payments made.

34. Plaintiff's claims may be barred by no breach.

35. Plaintiff's claims may be barred by terms of the contract.

36. Plaintiff's claims may be barred by failure of condition precedent.

37. Defendants reserve the right to assert any other affirmative defenses or objections as may arise or become available under the Rules of Civil Procedure.

**WHEREFORE,** Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety, enter judgment in Defendants' favor with respect to all the Plaintiff's claims and causes of action, and award Defendants their costs as well as any other relief this Court deems just and reasonable.

Respectfully submitted,

**MKT LAW** PLC

By: _____

   Mark K. Thompson #297343

4927 34th Avenue South

100 Nokomis Professional Building

Minneapolis, Minnesota 55417

(612) 999-2404

mkt@mktlawoffice.com

*ATTORNEY FOR DEFENDANTS*

Dated: November 1, 2022