UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Huntington National Bank, successor-by-merger to TCF National Bank, | Civil No. 22-2271 (JWB/DTS) |
| Plaintiff, | |
| v. | **RULE 26(f) REPORT** |
| Physician's Auditing and Billing Services Inc. and Douglas Davis, | |
| Defendants. | |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on January 20, 2023 and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for January 31, 2023 at 10:00 a.m. before United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 and are familiar with the amendments.

## TRIAL BY MAGISTRATE JUDGE

28 U.S.C. § 636(c) permits parties to consent to the jurisdiction of the magistrate judge for all pre-trial and trial proceedings. Parties who consent to the magistrate judge do not waive their right to a jury trial or their right to appeal directly to the Eighth Circuit from any judgment that is entered. They will also retain the ability to engage in a settlement conference presided over by a magistrate judge in this district. If the parties consent and to the magistrate judge they may request a date certain for trial set at the Rule 16 conference, and a date certain for trial will be set at that time.

The parties **do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C. § 636(c).

The parties **do not** wish to receive a date certain for trial at the Rule 16(a) conference?

## DESCRIPTION OF THE CASE

1. Concise factual summary of Plaintiff's claims:

    **Plaintiff Huntington National Bank, a successor-by-merger to TCF National Bank ("Huntington" or "Plaintiff"), brings this action for breach of a commercial loan contract against Defendants Physician's Auditing and Billing Services Inc. ("Physician's Auditing" or "Debtor") and breach of guaranty against Douglas Davis ("Davis" or "Guarantor"). On April 7, 2021 Physician's Auditing purchased software and equipment from Physician's Auditing, a Texas-based broker. To finance this purchase, Physician's Auditing entered into an Installment Payment Agreement with Huntington in the amount of $339,359.05 on April 7, 2021 (the "Loan"). Davis, Physician's Auditing's principal, signed a Guaranty of the Loan on April 7, 2021. Subsequently, Defendants defaulted under their agreements, resulting in losses to Huntington of at least $278,465.15. Huntington brings claims against both Defendants for breach of contract, replevin, and in the alternative, unjust enrichment and promissory/equitable estoppel.**

2. Concise factual summary of Defendant's claims/defenses:

    **Defendants deny they received the software they are alleged to have received under the loan contract and Defendants assert their payments were not all properly recorded from the time they began paying on the equipment in May 2021.**

3. Statement of jurisdiction (including statutory citations):

    **Diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1).**

4. Summary of factual stipulations or agreements:

    **None.**

5. Statement of whether a jury trial has been timely demanded by any party:

    **No party has demanded a jury trial**

6. Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

**N/A**.

## PLEADINGS

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

**The Summons and Complaint, and Defendants' Answer, have been served and filed.**

## FACT DISCOVERY

The parties request the Court to establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before February 15, 2023. If the parties include a description by category and location of documents, they agree to exchange copies of those initially disclosed.

2. The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by August 1, 2023.

3. The parties must commence fact discovery procedures in time to be completed by September 1, 2023.

4. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

    a. 25 interrogatories;

    b. 25 document requests;

    c. 25 requests for admission. The parties have discussed a protocol for the authentication of documents and agree on the following:

    d. 3 factual depositions:

    e. <u>N/A</u> Rule 35 medical examinations; and

    f. The parties have discussed the topic of Rule 30(b)(6) deposition practice and have made the following agreements: <u>    N/A    </u>.

## EXPERT DISCOVERY

1. The parties anticipate that they [will/will not] require expert witnesses at the time of trial.

    a. The Plaintiff anticipates calling __0-1__ (number) experts in the fields of:

    b. The Defendant anticipates calling __0-1__ (number) experts in the fields of:

2. The parties propose that the Court establish the following plan for expert discovery:

    a. Expert Disclosures

        (i) The identity of any expert who Plaintiff may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before September 1, 2023

        (ii) The identity of any expert who Defendant may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before October 1, 2023.

3. All expert discovery, including expert depositions, must be completed by November 1, 2023.

## OTHER DISCOVERY ISSUES

1  Protective Order

   The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a proposed protective order. Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

2. Discovery of Electronically-Stored Information

       The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: None.

       The parties will further meet and confer by ___N/A___ to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by ___N/A___.

3.     Claims of Privilege or Protection

       The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502 and:

    a.    Request the Court to include the following agreement in the scheduling order; or

    b.    Will include their agreement in their proposed Protective Order.

## MOTION SCHEDULE

The parties proposed the following deadlines for filing motions:

1.     Motions seeking to join other parties must be filed and served by April 1, 2023.

2.     Motions seeking to amend the pleadings must be filed and served by April 1, 2023.

3.     Non-Dispositive Motions

    a.    All non-dispositive motions relating to fact discovery must be filed and served by October 15, 2023.

    b.    All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by November 15, 2023.

4.     Dispositive Motions: All dispositive motions must be served and filed by December 15, 2023.

## TRIAL

1. The parties agree that the case will be ready for trial on or after May 1, 2024.

2. The anticipated length of the bench trial is  2-3   days.

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the Defendant is self-insured.

**None applicable.**

## SETTLEMENT

The parties have discussed settlement before or at the Rule 26(f) meet-and-confer and each party will e-mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believes an early settlement conference would be productive.

The parties proposed that a settlement conference be scheduled to take place before July 1, 2023.

Dated:  February 1, 2023

**TAFT STETTINIUS & HOLLISTER LLP**

By:  *s/ Mark G. Schroeder*
    Mark G. Schroeder (#171530)
    Daniel N. Moak (#347474)
2200 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota  55402-2157
(612) 977-8400
Email:  mschroeder@taftlaw.com
       dmoak@taftlaw.com

**ATTORNEYS FOR PLAINTIFF HUNTINGTON NATIONAL BANK, SUCCESSOR-BY-MERGER TO TCF NATIONAL BANK**

Dated: February 1, 2023

**MKT LAW, PLC**

By:   */s Mark K. Thompson*
    Mark K. Thompson #297343
4927 34th Avenue South
100 Nokomis Professional Building
Minneapolis, Minnesota 55417
(612) 999-2404
Email: mkt@mktlawoffice.com

**ATTORNEYS FOR DEFENDANTS PHYSICIAN'S AUDITING AND BILLING SERVICES INC. AND DOUGLAS DAVIS**