UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Huntington National Bank, *successor-by-merger to TCF National Bank*, | File No. 22-CV-02271 (JMB/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Physician's Auditing and Billing Services Inc. and Douglas Davis, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Huntington National Bank's (Huntington) motion for attorneys' fees and costs. (Doc. No. 48).

In this breach-of-contract action, Defendant Physician's Auditing and Billing Services Inc. (PABS) entered into a commercial loan agreement (Agreement) with Huntington, which was guaranteed by PABS's CEO, Defendant Douglas Davis (together, with PABS, Defendants). On June 4, 2024, the Court granted Huntington's motion for summary judgment on its breach-of-contract claim and guaranty claim, in party. (Doc. No. 36.) In the Court's order on summary judgment, the Court awarded Huntington a total of $287,896.26 in monetary damages permitted by the Agreement, comprising: $99,569.40 in overdue ad unpaid monthly installment payments; $172,147.75 to reflect the present value of remaining installment payments; $6,885.91 as a 4% penalty; and $9,293.20 in late fees. (*Id.* at 13–14.)

1

Additionally, at the time Huntington filed its motion for summary judgment, it also sought an award of attorneys' fees in the amount of $22,845.65 and $2,179.00 in costs incurred from the start of this action through December 12, 2023 (which included drafting pleadings, conducting discovery, taking depositions, and drafting the principal brief in support of its motion for summary judgment).  (Doc. No. 36 at 12.)  At that time, Defendants did not oppose Huntington's attorneys' fee and cost calculations.  (*Id.*; *see also* Doc. No. 26.)  In its order on Huntington's summary judgment motion, the Court concluded that Huntington's attorneys' fee request was reasonable and that the total amount of attorneys' fees and costs recoverable in this action would be determined after entry of final judgment.  (Doc. No. 36 at 12–14.)

On March 3, 2025, final judgment was entered.  (Doc. No. 47.)  On March 17, 2025, Huntington timely filed a motion under Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3 for an award of attorneys' fees.  (Doc. No. 48.)  In that motion, Huntington's counsel avers that, since December 12, 2023, Huntington had incurred an additional sum of $20,441.50 for work performed after filing its motion for summary judgment and the conclusion of this action (including reviewing Defendants' submissions in opposition to its motion to summary judgment, drafting a reply brief in support of its motion for summary judgment, attending a summary judgment hearing, conducting settlement negotiations).  (Doc. No. 50 at 3–4; Doc. No. 51.)  Defendants did not oppose Huntington's motion, and the time to do so has passed.  *See* D. Minn. L.R. 54.3(b) (providing that opposing party may file a response to motion for attorneys' fees "within 14 days after being served with the motion").

The Court concludes, for the same reasons it found Huntington's initial request for attorneys' fees and costs reasonable, that Huntington's additional request for attorneys' fees and costs is reasonable.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Clerk shall enter an amended final judgment in favor of Plaintiff Huntington National Bank in the total amount of $333,332.41 as follows:

1. Huntington shall recover from Defendants jointly and severally the award set forth in the Court's June 4, 2024 Order on Huntington's motion for summary judgment, which was as follows:

    a. $99,569.40 for the 15 overdue and unpaid monthly installments from October 8, 2022, through December 8, 2023;

    b. $172,147.75 to reflect the present value of 28 remaining installments at 6.49%;

    c. $6,885.91 as a 4% penalty in accordance with the penalty provision in IPA ¶ 8;

    d. $9,293.20 in late fees; and

2. Huntington shall recover from Defendants jointly and severally an award of attorneys' fees and costs incurred in pursuing this action in a total amount of $45,466.15, plus any additional costs and any attorneys' fees incurred hereafter to the extent recoverable under any agreement between the parties.

3. Huntington shall be entitled to post-judgment interest at the maximum rate allowed by law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 10, 2025                                    /s/ *Jeffrey M. Bryan*
                                                         Judge Jeffrey M. Bryan
                                                         United States District Court